UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

[ON REMOVAL FROM CIRCUIT COURT OF THE SECOND JUDICIAL
CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA
CASE NO. 10-4034-CA]

DEBORAH ANNE KLEIN,

    Plaintiff,

vs.

REFUGE HOUSE, INC.,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, Refuge House, Inc., by and through its undersigned counsel and pursuant to 28 U.S.C. §§1331, 1367, 1441 and 1446, hereby removes this action currently pending in the Circuit Court of the 2nd Judicial Circuit in and for Leon County, Florida, to the United States District Court for the Northern District of Florida. The removal of this action is based upon the following:

1. On or about November 24, 2010, Plaintiff filed her complaint in the Circuit Court of the 2nd Judicial Circuit in and for Leon County, Florida, titled *Deborah Anne Klein vs. Refuge House, Inc.*, Case No. 10-4034-CA (hereinafter referred to as the "State Action"). A true and correct copy of all documents that were filed in the State Action are attached hereto as Exhibit A and are incorporated herein by reference pursuant to Rule 10(c), Federal Rules of Civil Procedure. No other process, pleadings or orders have been served upon Defendant in this action.

2. On or about December 13, 2010, a copy of the State Action was served on Defendant. This constituted Defendant's first legal notice of the State Action for purposes of removal.

3. The Complaint seeks damages pursuant to the Title VII of the Civil Rights Act, 42 U.S.C. §2000e, *et seq.* and 29 U.S.C. §629 *et seq.* See Complaint at ¶¶ 6-26.

4. This is a civil action of which the United States district courts have original jurisdiction pursuant to 28 U.S.C. §1331 because this action arises under the Title VII, a law of the United States.

5. Under federal question jurisdiction, the United States district courts "have original jurisdiction over all civil actions arising under federal law." See 28 U.S.C. §1331. Any civil case filed in a state court may be removed by a defendant to federal court if the case could have been brought originally in federal court. See *Ayers v. Gen. Motors Corp.*, 234 F.3d 514, 517 (11th Cir. 2000); *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996).

6. For the reasons stated above, this action is removable to this Court pursuant to the provisions of 28 U.S.C. §1441.

7. This Notice of Removal is filed within thirty (30) days after the date on which the last named Defendant first received notice of the Circuit Court Action. See 28 U.S.C. §1446(b).

8. Defendant has, simultaneously with the filing of this Notice, given written notice of the filing of this Notice to Plaintiff as required by 28 U.S.C. §1446(d).

9. A copy of this Notice has simultaneously been filed with the Clerk of the Circuit Court in and for Leon County, Florida, as required by 28 U.S.C. §1446(d).

10. This Notice of Removal has been timely filed within thirty (30) days after receipt by Defendant of the initial pleading setting forth the claim for relief upon which removal is based. See 28 U.S.C. §1446(b).

11. Venue is proper in the Northern District of Florida in that the State Action is pending within the jurisdictional confines of this district.

WHEREFORE, Defendant, Refuge House, Inc., hereby removes this case to the United States District Court for the Northern District of Florida.

Respectfully submitted,

**AKERMAN SENTERFITT**
Attorneys for Defendant
106 E. College Avenue
Suite 1200
Tallahassee, FL 32301
Phone: (850) 224-9634
Fax: (850) 222-0103

By: _____
J. MARTIN HAYES
Florida Bar No. 971766
Email: martin.hayes@akerman.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by CM/ECF electronic email to: (marie@mattoxlaw.com) this 6th day of January, 2011.

_____
J. Martin Hayes

{TL268338;1}

- 3 -

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

DEBORAH ANNE KLEIN,

CASE NO. 10-CA 4034
FLA BAR NO. 0739685

Plaintiff,

vs.

REFUGE HOUSE, INC.,

Defendant.
_____/

## COMPLAINT

Plaintiff, DEBORAH ANNE KLEIN, hereby sues Defendant, REFUGE HOUSE, INC., and says:

## NATURE OF THE ACTION

1. This is an action brought under 42 U.S.C. § 2000e et seq. and 29 U.S.C. § 629 et seq.

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

## THE PARTIES

3. At all times pertinent hereto, Plaintiff, DEBORAH ANNE KLEIN, was employed by and performed services for Defendant in Leon County, Florida. Plaintiff is a member of a protected class due to her race, white; and her age, over 40.

4. At all times pertinent hereto, Defendant, REFUGE HOUSE, INC., has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

EXHIBIT "A"

5. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations. This action is timely brought thereafter. Plaintiff also filed an administrative charge of discrimination with the EEOC.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff, a white female, was originally employed by Defendant in February 1991. Plaintiff became a case manager for Defendant on or around August 8, 2004.

7. Plaintiff's employment with Defendant was separated pursuant to a "lay off" on November 7, 2008. Plaintiff received a letter pursuant to her layoff that stated that her separation was in "good standing" and that she was "eligible for rehire." Although the stated reason for Plaintiff's employment separation was due to budget cuts, the non-white employees of Defendant such as Jonquil Livingston, Mindy Dawson, Bobbie Smith, Mariam Franklin, Lisa Footman, Rose Carey, and Barbara Cesar were treated more favorably than Plaintiff in that they were given the option to reduce their hours and/or change their work schedule to avoid being laid off, which is precisely what they did as, under information and belief of Plaintiff, none of these employees were laid off.

8. Plaintiff's employment position with Defendant was immediately filled by a younger, less experienced employee, under 40 years of age.

9. Despite applying for several open and available Case Manager positions with Defendant from January 2009 until July 2009, Plaintiff was offered no interview opportunities for any of the applied for positions.

10. Plaintiff has retained the undersigned to represent Plaintiff's interests in this cause and is obligated to pay a fee for services. Defendant should be made to pay said fee under 42 U.S.C. section 2000e et seq., and 29 U.S.C. section 629 et seq.

## COUNT I

## RACE DISCRIMINATION

11.  Paragraphs 1-10 are realleged and incorporated herein by reference.

12.  This is an action against Defendant for discrimination based upon race brought under 42 U.S.C. §2000e *et seq.*.

13.  Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated nonwhite employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race.

14.  Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

15.  In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race based nature and in violation of the laws set forth herein.

16.  The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to adverse employment action being taken against Plaintiff.

3

17. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of 42 U.S.C. §2000e et seq..

18. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing.

## COUNT II

## AGE DISCRIMINATION

19. Paragraphs 1-10 are realleged and incorporated herein by reference.

20. This is an action against Defendant for discrimination based upon age brought under 29 U.S.C. §629 et seq.

21. Plaintiff has been the victim of discrimination on the basis of Plaintiff's age in that Plaintiff was treated differently than similarly situated younger persons and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's age.

22. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same. Defendant's known allowance and ratification of these

actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

23. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of an age-based nature and in violation of the laws set forth herein.

24. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's constructive termination or other separation from employment.

25. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age in violation of the Age Discrimination In Employment Act.

26. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant all legal and equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

5

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of federal law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f) grant such other further relief as being just and proper under the circumstances

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated this _____ day of November, 2010.

Respectfully submitted,

Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801

ATTORNEYS FOR PLAINTIFF

6

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

DEBORAH ANNE KLEIN,

    Plaintiff,

    Case No. 10-CA 4034

vs.

REFUGE HOUSE, INC.,

    Defendant.

# Summons

CERTIFIED PROCESS SERVER # 067
SECOND JUDICIAL CIRCUIT COURT OF FLORIDA
DATE SERVED 12·13·10  TIME 1:52

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

REFUGE HOUSE, INC.
c/o Margaret Baldwin, Registered Agent
603 Beard Street
Tallahassee, FL 32303

    Each defendant is required to serve written defenses to the complaint or petition on Marie A. Mattox, P. A., Plaintiff's attorney, whose address is 310 East Bradford Road, Tallahassee, FL 32303, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on Nov. 30, 2010.

CLERK OF THE CIRCUIT COURT

By: _____
    Deputy Clerk